### In re STOEVER.

#### (District Court, E. D. Pennsylvania. December 17, 1900.)

#### No. 466.

BANKRUPTCY—NOTICES OF SPECIAL MEETINGS—DUTY OF REFEREE.

Under Bankr. Act 1898, § 58c, which provides that "all notices shall be given by the referee unless otherwise ordered by the judge," it is the duty of the referee to send out the notices of a special meeting called upon petition of a creditor under General Rule 21, par. 6 (32 C. C. A. xxiii., 89 Fed. x.), for the purpose of having a re-examination of certain claims.

In Bankruptcy.

Joseph Greenwald and Clinton O. Mayer, for creditors.

J. B. McPHERSON, District Judge. I am of opinion that the notice in question, namely, of a special meeting called upon the petition of a creditor, under paragraph 6 of general order 21 (32 C. C. A. xxiii., 89 Fed. x.), to have a re-examination of certain claims, should have been sent out by the referee, and that this duty did not rest upon the petitioner. Paragraph 6 provides that "due notice [of such meeting] shall be given by mail addressed to the creditor" whose claim is to be re-examined, but does not specify by whom the notice shall be given. I think, however, that this omission is supplied by the bankruptcy act in clause "c" of section 58, which declares that "all notices shall be given by the referee unless otherwise ordered by the judge." It was suggested that this clause should be confined to the eight notices enumerated in clause "a" of the same section, but I am unable to assent to the correctness of this construction. As the language is "all notices," and there is no other qualification than this: "unless otherwise ordered by the judge," I can see no reason to limit the meaning of the word "all." General Order 10 (32 C. C. A. xiii., 89 Fed. vi.) seems to afford sufficient indemnity to the referee against the expense of mailing the notices.

I think, therefore, that the petition for re-examination should be reinstated, and another day fixed for a hearing thereon, of which due notice should be given by the referee to the creditors.